DANTE T. PRIDE (SBN 262362)
*dpride@pridelawfirm.com*
JESSICA K. PRIDE (SBN 249212)
*jpride@pridelawfirm.com*
ALANA MCMAINS (SBN 285942)
*amcmains@pridelawfirm.com*
**THE PRIDE LAW FIRM**
2831 Camino Del Rio S, Suite 104
San Diego, California 92108
Telephone: 619-516-8166
Facsimile: 619-785-3414

Attorneys for Plaintiff DOMINIQUE WARE

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE WARE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES; and DOES 1-25, inclusive;<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:**<br><br>1) **VIOLATION OF 42 U.S.C. § 1983 (EXCESSIVE FORCE);**<br>2) **VIOLATION OF 42 U.S.C. § 1983 – *MONELL* (FAILURE TO PROPERLY TRAIN/SUPERVISE)**<br>3) **BATTERY;**<br>4) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>5) **VIOLATION OF RALPH ACT (CIVIL CODE § 51.7);**<br>6) **BANE CIVIL RIGHTS ACT (CIVIL CODE § 52.1); AND**<br>7) **NEGLIGENCE**<br><br>JURY TRIAL DEMANDED |

THE PRIDE
LAW FIRM

- 1 -
COMPLAINT FOR DAMAGES

1    Plaintiff DOMINIQUE WARE ("Plaintiff"), by and through his counsel of

2  record, hereby alleges the following:

3                    **PARTIES, JURISDICTION, AND VENUE**

4    1.    Plaintiff is, and at all relevant times was, an individual residing in Los

5  Angeles County, California.

6    2.    At all times relevant to this Complaint, Defendant CITY OF LOS

7  ANGELES ("the CITY") is a public entity, a county in the State of California, of

8  which the LAPD is a department.

9    3.    Plaintiff is ignorant as to the true names, identities, and capacities of

10  Defendants DOES 1 through 25, inclusive.  Therefore, Plaintiff sues these

11  Defendants under the fictitious designation of DOES 1 through 25.  Plaintiff will

12  amend this Complaint once their identities have been ascertained as well as facts

13  giving rise to their liability.

14    4.    Defendants Does 1-25, individually and in their official capacities, at

15  all times relevant herein, officers and/or employees for the Los Angeles Police

16  Department, acting in their official capacity and under color of law. These

17  defendants include deputies in supervisory positions that participated in training

18  other officers, in the supervision of the use of force by other officers, and in

19  reporting incidents of use of force to other employees within LAPD.

20    5.    Venue is proper in this Court because the acts and omissions

21  complained of all occurred within the County of Los Angeles.

22    6.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(3),

23  and 1343(4).  This Court further has supplemental jurisdiction over the pendent

24  state law claims under 28 U.S.C. § 1376(a).

25    7.    On December 11, 2020, Plaintiff filed a claim for damages with the

26  CITY, as required by California Government Code § 910.  On February 2, 2020,

27  the CITY denied Plaintiff's claim.

28                    **GENERAL ALLEGATIONS**

THE PRIDE                          - 2 -
LAW FIRM          ─────────────────────────────────────
                         COMPLAINT FOR DAMAGES

8.     On May 30, 2020, a demonstration occurred in downtown Los Angeles.  The demonstration was in response to the killings of George Floyd, Ahmaud Arbery, Breonna Taylor, and the hundreds of other Black citizens who have been killed by the police.

9.     Plaintiff attended the demonstration in order to publicly protest against policy brutality.

10.     While at the protest, Plaintiff stood peacefully, chanted, and made video recordings on his telephone.

11.     At about 8:00 pm, without warning, Los Angeles Police Department officers began firing non-lethal rounds at the crowd.

12.     Plaintiff was struck in the hand by a kinetic-impact bean bag projectile. Upon impact, Plaintiff screamed out in pain.  The bean bag projectile struck his right index finger and his knuckle. Plaintiff did not throw anything at Los Angeles Police Department officers.

13.     As of the date of this filing, Plaintiff has not been charged with violating *any* law on the night DOE officer decided to open fire on him.

14.     Once Plaintiff went to urgent care, the doctors confirmed that he had suffered a torn ligament to his right index finger.  Now, approximately a year later, Plaintiff still suffers, among other things, emotional distress, and post-traumatic stress disorder.

## FIRST CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 1983 (EXCESSIVE FORCE)

### (Against DOES 1-25, inclusive)

15.     Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

16.     Plaintiff had a firmly established right under the Fourth Amendment to be free from the wanton and unnecessary infliction of pain in the form of the use of excessive force by the authorities.

THE PRIDE
LAW FIRM

COMPLAINT FOR DAMAGES

17.     Defendant DOE, while acting under color of state law as an officer(s) with the LAPD, deprived Plaintiff of that right by using excessive force against him by shooting him while he was peacefully protesting.

18.     Defendants DOES 1-25, inclusive, while acting under color of state law as LAPD officers, deprived Plaintiff of that right by using excessive force against him by shooting him in the hand with a kinetic-impact weapon.

19.     As a result of the conduct of DOES 1-25, inclusive, Plaintiff was injured physically, psychologically, and emotionally.  Defendants' use of excessive force was both the cause-in-fact and the proximate cause of Plaintiff's injuries.

20.     The conduct alleged herein was done in deliberate or reckless disregard of Plaintiff's constitutionally protected rights, justifying the award of exemplary damages against Defendant in an amount according to proof at the time of trial in order to deter Defendant from engaging in similar conduct and to make an example by way of monetary punishment. Plaintiffs is also entitled to attorneys' fees and costs of suit herein.

## SECOND CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. § 1983 / *MONELL* (FAILURE TO PROPERLY TRAIN/SUPERVISE)

### (Against Defendants the CITY and Supervisory DOES 12-25)

21.     Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

22.     The CITY OF LOS ANGELES and Supervisory DOE Defendants 12-25 are each liable for the deprivation of Plaintiff's constitutional rights under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), and its progeny, which hold that municipal entities may be held liable for violations of Constitutional rights committed by its employees if the violations arose from:

THE PRIDE
LAW FIRM

a.     a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a custom or usage" with the force of law;

b.     the ratification of the illegal and unconstitutional conduct by an individual with final policy-making authority; and/or

c.     a failure to adequately train municipal employees resulting in the deliberate indifference to the constitutional rights of citizens.

23.     Defendants The CITY OF LOS ANGELES and Supervisory DOE Defendants 12-25 failed to provide adequate supervision and discipline to deputies that hold the power, authority, insignia, equipment and arms entrusted to them.

24.     Defendants The CITY OF LOS ANGELES and Supervisory DOE Defendants 12-25 were aware of the widespread problems with the use of excessive force within LAPD. Despite this knowledge, Defendants took no action to supervise or discipline deputies, or to provide better training as to proper use of force.

25.     Defendants The CITY OF LOS ANGELES and Supervisory DOE Defendants 12-25 have a lengthy history of ratifying deputy misconduct by failing to conduct appropriate investigations.  They have refused to investigate misconduct and/or taken no remedial steps or actions against deputies.

26.     There has been an official policy of acquiescence in the wrongful conduct. Defendants failed to promulgate corrective policies and regulations in the face of repeated Constitutional violations.  Defendants condoned and acquiesced in the abusive behavior of their subordinates by refusing to retrain them, discipline them, or correct their abusive behavior.

27.     Defendant the CITY OF LOS ANGELES and Supervisory DOE Defendants 12-25, as a matter of custom, practice, or policy, failed to institute, require, and enforce proper and adequate training and supervision for the use of kinetic impact projectiles by its employees, when the need for such training and

THE PRIDE
LAW FIRM

supervision was obvious. Defendants' failure to properly train and supervise its employees resulted in a violation of Plaintiff's Fourth Amendment rights.

28.     Multiple peaceful protesters were harmed by kinetic impact projectiles and similar "less lethal" weapons fired LAPD deputies, which suggests that this was not merely an accident or a bad act by one officer, but rather a widespread deficiency in the policies, practices, and customs of LAPD.

29.     The LAPD's Beanbag Shotgun policy that was in place at the time of Plaintiff's injury (Use of Force – Tactics Directive No. 6.3) states that "officers shall exercise de-escalation techniques to resolve potential use of force incidents and seek voluntary compliance from suspects/subjects." It further states that less-lethal force options are only permissible when: "[a]n officer reasonably believes that a suspect or subject is violently resisting arrest or poses an immediate threat of violence or physical harm." It goes on to note, "Less-lethal force options shall not be used for a suspect or subject who is passively resisting or merely failing to comply with commands." Officers shall also consider "the severity of the crime." Officers are required to "give a verbal warning" prior to using the beanbag shotgun so long as there is not a "surprise/tactical element" such as in "a hostage situation or a subject threatening suicide."

30.     Plaintiff was not violently resisting arrest nor did he pose an immediate threat of violence or physical harm. He was never charged with any crime, let alone a severe one. He received no verbal warning prior to being shot.

31.     The DOE Defendant who shot Plaintiff thus did not comply with LAPD's stated policy that had existed since 2018, suggesting that he was not properly trained in this type of force.

32.     Defendants' failure to properly train and supervise its officers, as a matter of policy, custom, and practice, was deliberately indifferent to Plaintiff's Fourth Amendment rights and done with conscious disregard for the dangers of harm and injury to him and others similarly situated.

33.    As a result of these failures by the CITY OF LOS ANGELES and
Supervisory DOE Defendants 12-25 Plaintiff was injured physically,
psychologically, and emotionally.  Defendants' conduct was both the cause-in-fact
and the proximate cause of Plaintiff's injuries.

### THIRD CAUSE OF ACTION

**BATTERY**

**(Against the CITY and DOES 1-25)**

34.    Plaintiff hereby realleges and incorporates by reference all allegations
set forth in the preceding paragraphs as if fully set forth herein.

35.    Defendants DOES 1-25, inclusive, caused Plaintiff to be touched by
kinetic impact projectiles.

36.    Plaintiff did not consent to the touching by DOES 1-25, inclusive.

37.    Plaintiff was harmed and offended by Defendants' conduct.

38.    A reasonable person in Plaintiff's situation would have been offended
by the touching.

39.    Plaintiff sustained severe damages, including physical pain, suffering,
and emotional distress, as well as economic damages including but not limited to
medical expenses and lost wages, in an amount to be proven at trial.

40.    Defendant CITY is liable in *respondeat superior* for the conduct of
individual defendant DOES 1-25, inclusive, in the course and scope of their
employment, per Government Code § 815.2.

41.    The conduct of DOES 1-25, inclusive, was malicious and oppressive,
such that punitive damages are appropriate in order to punish these Defendants and
deter them from engaging in similar conduct in the future.

### FOURTH CAUSE OF ACTION

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against Defendants the CITY, and DOES 1-25, inclusive)**

42.    Plaintiff hereby realleges and incorporates by reference all allegations

THE PRIDE
LAW FIRM

1  set forth in the preceding paragraphs as if fully set forth herein.

2      43.    The conduct of Defendants DOES 1-25, inclusive, as set forth in the

3  preceding paragraphs, was outrageous.  It was so extreme as to exceed all bounds of

4  that usually tolerated in a civilized society.

5      44.    Defendants intended to cause Plaintiff emotional distress and/or acted

6  with reckless disregard for the probability that Plaintiff would suffer emotional

7  distress, when DOES 1-25, inclusive, shot Plaintiff with kinetic impact projectiles.

8      45.    Plaintiff suffered severe emotional distress, with damages in an

9  amount to be proven at trial.

10     46.    Defendants' conduct was a substantial factor in causing Plaintiff's

11  severe emotional distress.

12     47.    Defendant CITY is liable in *respondeat superior* for the conduct of

13  individual defendant DOES 1-25, inclusive, in the course and scope of their

14  employment, per Government Code § 815.2.

15     48.    The conduct of Defendant DOES 1-25, inclusive, was malicious and

16  oppressive, such that punitive damages are appropriate in order to punish these

17  Defendants and deter them from engaging in similar conduct in the future.

18                        **FIFTH CAUSE OF ACTION**

19            **VIOLATION OF RALPH ACT (CIVIL CODE § 51.7)**

20               **(Against Defendants the CITY and DOES 1-25)**

21     49.    Plaintiff hereby realleges and incorporates by reference all allegations

22  set forth in the preceding paragraphs as if fully set forth herein.

23     50.    Defendants the CITY and DOES 1-25, inclusive, committed a violent

24  act against Plaintiff.

25     51.    A substantial motivating reason for Defendants' conduct was

26  Plaintiff's race, color, and/or political affiliation or Defendant's perception of

27  Plaintiff's race, color, and/or political affiliation.  Specifically, the substantial

28  motivating reason for their conduct was Plaintiff's affiliation with the Black Lives

THE PRIDE
LAW FIRM

1   Matter movement, which constitutes a political affiliation under the Ralph Act.

2          52.    Plaintiff was harmed, including physical pain, suffering, emotional

3   distress, and economic damages including but not limited to medical expenses and

4   lost wages, in an amount to be proven at trial.

5          53.    Defendants' conduct was a substantial factor in causing Plaintiff's

6   harm.

7          54.    The conduct of DOES 1-25, inclusive, was malicious and oppressive,

8   such that punitive damages are appropriate in order to punish these Defendants and

9   deter them from engaging in similar conduct in the future.

10          55.    Defendant the CITY is liable in *respondeat superior* for the conduct of

11   individual defendant DOES 1-25, inclusive, in the course and scope of their

12   employment, per Government Code § 815.2.

13                          **SIXTH CAUSE OF ACTION**

14                  **BANE CIVIL RIGHT ACT (CIVIL CODE § 52.1)**

15                    **(Against Defendants the CITY and DOES 1-25)**

16          56.    Plaintiff hereby realleges and incorporates by reference all allegations

17   set forth in the preceding paragraphs as if fully set forth herein.

18          57.    On the afternoon of May 30, 2020, Plaintiff was exercising his First

19   Amendment rights to free speech and assembly by attending a political protest and

20   chanting against police use of excessive force against Black Americans.

21          58.    By threats, intimidation, and/or coercion, Defendants the CITY, and

22   DOES 1-25, inclusive, intentionally interfered with or attempted to interfere with

23   Plaintiff's rights.

24          59.    By threats, intimidation, and/or coercion, Defendants caused Plaintiff

25   to reasonably believe that if he exercised his right to free speech and/or assemble,

26   Defendants would commit violence against him and that Defendants had the

27   apparent ability to carry out the threats.

28          60.    Further, Defendants acted violently against Plaintiff to prevent him

THE PRIDE
LAW FIRM

1  from exercising his right to free speech and/or right to assemble, as well as to

2  retaliate against Plaintiff for exercising his right to free speech and/or assemble.

3       61.    The CITY condoned, approved of, directed, and encouraged the use of

4  excessive, unlawful force at the May 30, 2020 protest.  DOES 1-25, at the direction

5  of and with the approval of supervisory officers of the LAPD, violated the CITY's

6  written policies, and standard law enforcement practices, regarding the use of "less

7  than lethal" kinetic impact projectiles such as the bean bag round he shot at

8  Plaintiff.  These violations included, but are not limited to, firing bean bag rounds

9  into a large crowd at the direction of and with the approval of supervisory officers

10  of LAPD.

11       62.    Defendants intended to deprive Plaintiff of his enjoyment of the

12  interests protected by the First Amendment rights to free speech and assembly.

13       63.    Plaintiff was severely harmed, including physical pain, suffering, and

14  emotional distress, as well as economic damages including but not limited to

15  medical expenses and lost wages, in an amount to be proven at trial.

16       64.    The conduct of all Defendants was a substantial factor in causing

17  Plaintiff's harm.

18       65.    The conduct of Defendant DOES 1-25, inclusive, was malicious and

19  oppressive, such that punitive damages are appropriate in order to punish these

20  Defendants and deter them from engaging in similar conduct in the future.

21       66.    Defendant the CITY is liable in *respondeat superior* for the conduct of

22  individual defendant DOES 1-25, inclusive, in the course and scope of their

23  employment, per Government Code § 815.2.

24                    **SEVENTH CAUSE OF ACTION**

25                          **NEGLIGENCE**

26                    **(Against All Defendants)**

27       67.    As law enforcement officers tasked with serving the public, all

28  Defendants owed a special duty of care to Plaintiff, as well as the general duty of

- 10 -

1   care owed by all people to each other in the state of California.

2        68.    Defendants breached their duty of care to Plaintiff by utilizing force

3   against him, including but not limited to shooting him with kinetic impact

4   projectiles.

5        69.    Plaintiff was severely harmed, including physical pain, suffering, and

6   emotional distress, as well as economic damages including but not limited to

7   medical expenses and lost wages, in an amount to be proven at trial.

8        70.    Defendants' negligence was a substantial factor in causing that harm to

9   Plaintiff.

10       71.    The conduct of Defendant DOES 1-25, inclusive, was malicious and

11  oppressive, such that punitive damages are appropriate in order to punish these

12  Defendants and deter them from engaging in similar conduct in the future.

13       72.    Defendant the CITY is liable in *respondeat superior* for the conduct of

14  individual defendant DOES 1-25, inclusive, in the course and scope of their

15  employment, per Government Code § 815.2.

16                           **PRAYER FOR RELIEF**

17              WHEREFORE, Plaintiff DOMINIQUE WARE prays for relief as

18  follows:

19       1.     General and compensatory damages according to proof at the time of

20  trial;

21       2.     Attorney's fees pursuant to 42 U.S.C. § 1983 and California Civil

22  Code §§ 52 and 52.1(i);

23       3.     Civil penalties pursuant to California Civil Code §§ 52 and 52.1(i);

24       4.     Punitive and exemplary damages;

25       5.     Declaratory and injunctive relief remedying the continued policies,

26  customs and practices governing how the LAPD uses less-lethal weapons such as

27  bean-bag metal kinetic projectiles, and its general response to political

28  demonstrations;

THE PRIDE
LAW FIRM                              COMPLAINT FOR DAMAGES

1    6.      Costs of suit herein and interest; and

2    7.      Any further equitable relief that this Court deems just and appropriate.

3

4                          **<u>JURY DEMAND</u>**

5    Plaintiff demands a jury trial on all issues in this case.

6

7    Dated: August 2, 2021                    **THE PRIDE LAW FIRM**

8

9                                    By:_____

10                                        DANTE T. PRIDE
                                         JESSICA K. PRIDE
11                                       ALANA MCMAINS
                                         Attorneys for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28