UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-06237-CAS-AGRx | Date | June 26, 2023 |
|---|---|---|---|
| Title | DOMINIQUE WARE v. CITY OF LOS ANGELES, ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:** (IN CHAMBERS) - CITY DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. 51, filed on FEBRUARY 15, 2023)

## I.  INTRODUCTION

Presently before the Court is the motion for partial summary judgment, which was filed by the City of Los Angeles on February 15, 2023, prior to the filing of plaintiff's first amended complaint on April 27, 2023.

On August 2, 2021, plaintiff Dominique Ware brought suit against the City of Los Angeles (the "City") and Does 1 through 25.[1]  Dkt. 1.  Plaintiff alleges that he was injured by non-lethal rounds fired by officers of the Los Angeles Police Department ("LAPD") during a public demonstration that occurred on May 30, 2020.  Plaintiff's original complaint stated the following claims: (1) violation of 42 U.S.C. § 1983 against the Doe defendants; (2) Monell failure to train and supervise against the City and "Supervisory Does 12-25"; (3) common law battery against the City and Doe defendants; (4) intentional infliction of emotional distress against the City and Doe defendants; (5) violation of the Ralph Act, California Civil Code § 51.8, against the City and Doe defendants; (6) violation of the Bane Civil Rights Act, California Civil Code § 52.1, against the City and Doe defendants; and (7) negligence against the City and Doe defendants.

---

[1] Local Rule 19-1 prohibits a complaint from including more than 10 Doe or fictitiously named parties; accordingly, the Court dismissed Doe defendants 11 through 25 on February 10, 2022.  Dkt. 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-06237-CAS-AGRx | Date | June 26, 2023 |
|---|---|---|---|
| Title | DOMINIQUE WARE v. CITY OF LOS ANGELES, ET AL. | | |

On February 15, 2023, the City filed the instant motion for partial summary judgment on plaintiff's original (and now inoperative) complaint. Dkt. 51 ("Mot."). A central argument raised in the City's motion is that plaintiff's claims fail as a matter of law because he failed to name and serve any Doe defendants in the case, before the April 15, 2022 deadline to add parties or claims for relief, and no liability can accordingly attach to the City. The motion is set forth in further detail below.

On March 22, 2023, plaintiff filed an ex parte application to modify the scheduling order and briefing schedule for the instant motion for summary judgment, which the City opposed. Dkts. 59, 61. Plaintiff requested ex parte relief on the grounds that he required additional time to conduct discovery and ascertain the identity of the Doe defendants. The Court held a conference between the parties on March 27, 2023, and thereafter reopened discovery so that plaintiff could take limited depositions of the police officer named in the City's interrogatory responses and the person most knowledgeable at the LAPD of the protest at issue in the litigation. Dkt. 64.

On April 26, 2023, the parties filed a joint motion requesting leave from the Court for plaintiff to file a first amended complaint ("FAC"). Dkt. 65. On April 27, 2023, the Court issued an order granting the joint motion and deeming the FAC to be considered filed that same day. Dkt. 66. The Court granted the City 20 days to file its answer to the FAC and directed plaintiff to serve the newly named defendants pursuant to the Federal Rules of Civil Procedure.

Plaintiff's FAC is brought against the City, Adrian Jordan, Jae Lee, Omar Ruiz, and Does 1 through 25.[2] Dkt. 67 ("FAC"). Plaintiff's amended claims are as follows: (1) violation of 42 U.S.C. § 1983 against Jordan, Lee, Ruiz, and Doe defendants; (2) Monell failure to train and supervise against the City and "Supervisory Does 12-25"; (3) common law battery against all defendants; (4) intentional infliction of emotional distress against all defendants; (5) violation of the Ralph Act, California Civil Code § 51.8, against all defendants; (6) violation of the Bane Civil Rights Act, California Civil Code § 52.1, against all defendants; and (7) negligence against all defendants.

---

[2] As stated supra, n.1, the local rules of this district prohibit the inclusion of more than 10 fictitiously named parties, so the Court hereby dismisses Doe defendants 11 through 25 in plaintiff's FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-06237-CAS-AGRx | Date | June 26, 2023 |
|---|---|---|---|
| Title | DOMINIQUE WARE v. CITY OF LOS ANGELES, ET AL. | | |

On May 17, 2023, the City filed an answer to plaintiff's FAC. Dkt. 68. Defendants Jordan, Lee, and Ruiz (collectively, the "individual defendants") have not appeared in the case.

On June 1, 2023, plaintiff filed an opposition to the City's instant motion for partial summary judgment. Dkt. 72 ("Opp.").

On June 7, 2023, the City filed its reply. Dkt. 75 ("Reply").

On June 12, 2023, the Court held a hearing. At the hearing, in light of the fact that new parties have been added to the case, the City asked the Court for leave to withdraw the instant motion as to all issues except that of punitive damages. The Court granted the City request to withdraw its motion without prejudice to bringing a subsequent, renewed motion for summary judgment after close of discovery of the newly added parties. On June 21, 2023, the City filed a notice which stated that the City withdraws all other grounds for summary judgment set forth in the instant motion. Dkt. 77.

Accordingly, the only issue currently before the Court is whether plaintiff may seek punitive damages against the City. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

The following facts are not disputed by the parties. Plaintiff is an individual residing in Los Angeles County, California. FAC ¶ 1. Defendants are the City of Los Angeles and three police officers employed by the LAPD (which is a department of the City). Id. ¶¶ 2–5. On May 30, 2020, a demonstration occurred in downtown Los Angeles in response to the killings by police of George Floyd, Ahmaud Arbery, Breonna Taylor, and other African-American citizens. Id. ¶ 11.

The parties dispute the remainder of the relevant facts. According to plaintiff, he attended the demonstration to peacefully protest against policy brutality and made video recordings on his phone. During this time, at about 8 p.m., LAPD officers began firing non-lethal rounds and plaintiff was struck in the hand by a kinetic-impact bean bag projectile. Id. ¶¶ 12–17.

According to the City, at some point during and after the demonstration, certain individuals began vandalizing property in the downtown area and posed a physical threat to LAPD officers. The City denies that plaintiff was injured, but contends that in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-06237-CAS-AGRx | Date | June 26, 2023 |
|---|---|---|---|
| Title | DOMINIQUE WARE v. CITY OF LOS ANGELES, ET AL. | | |

event he suffered any injury, it occurred "in the context of people vandalizing property in [d]owntown Los Angeles." Mot. at 11.

## III.  LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631, 631 n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:21-cv-06237-CAS-AGRx | Date | June 26, 2023 |
|---|---|---|---|
| Title | DOMINIQUE WARE v. CITY OF LOS ANGELES, ET AL. | | |

### IV.    DISCUSSION

####     A.    Punitive Damages Against the City

The City argues that plaintiff's request for punitive damages against the City must be dismissed, because a public entity cannot be liable for punitive damages in connection with both the federal and state law claims brought in the action. Mot. at 11 (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Cal. Gov. Code § 818).

In opposition, plaintiff concedes the City's argument but nonetheless contends that California law permits a public entity to choose to pay the punitive damages awarded against the entities' employees. Opp. at 12 (citing Cal. Gov. Code § 825(b)). On this basis, plaintiff argues that his request for punitive damages against the *City* should be preserved in the event that he obtains punitive damages against the individual defendants and the City elects to pay those punitive damages.

Plaintiff misstates the relevance of Cal. Gov. Code § 825(b), which provides that a "public entity is authorized to pay" punitive damages awarded against its employees if the "governing body of that public entity, acting in its sole discretion[,]" chooses to do so. A public entity's discretion under this provision is separate from a plaintiff's request in a lawsuit for punitive damages specifically against that entity, which is contrary to law for the reasons outlined by the City and conceded by plaintiff. Put another way, the City's own role as a party to this litigation is unrelated to any potential determination it might make to pay for punitive damages awarded against its employees. Accordingly, the Court must dismiss plaintiff's specific request for punitive damages against the City.

### V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART** the City's motion for partial summary judgment.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |